IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|   |   |   |
|---|---|---|
|   | * |   |
| JAMES CROSS, *et al.*, | | |
|   | * | |
|     Plaintiffs, | | |
| v. | * | CIVIL NO.: WDQ-05-CV-0001 |
|   | | |
| FLEET RESERVE ASSOCIATION | * | |
| PENSION PLAN, *et al.*, | | |
|   | * | |
|     Defendants. | | |
|   | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION AND ORDER

Plaintiffs James Cross, Charles Calkin, James Lee, Edward Huylebruck, Jerry Butler, Heidi Schuller and Pamela Wells (the "Plaintiffs"), sued Fleet Reserve Association Pension Plan and Trust (the "Plan"), Noel Bragg, Russell Belt, Lawrence Boudreaux, Lindell Clymer, Forest Harell, Robert King, Dean Miller, Victor Miranda, Ralph Schmidt, Eugene Smith and Richard Smith (the "Individual Defendants") pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001.  Pending are the Defendants' motion to transfer venue to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) and the Plaintiffs' motion to strike or file surreply.  For the following reasons, the motions will be denied.

I.  Background

The Plaintiffs, all vested plan participants and

beneficiaries, allege that the Plan and Individual Defendants: 1) violated ERISA's reporting and disclosure requirements; 2) breached fiduciary duties owed to the Plaintiffs; 3) violated ERISA's notification requirements; and 4) erroneously denied Plaintiffs' claims for additional benefits.  The Plaintiffs seek additional pension benefits, the production of withheld documents and an injunction to amend the plan.

The Defendants seek to transfer this action, arguing that: 1) there is no basis for venue in this district; and 2) venue is more appropriate in the Eastern District of Virginia.

The Plan is administered and keeps its books and records in the Eastern District of Virginia.  Def. Mot. to Transfer Ex.1 ¶¶ 4-5.   None of the Individual Defendants resides in the district of Maryland or the Eastern District of Virginia.  Amended Complaint p. 1.   Plaintiff Cross is a resident of Maryland; no other Plaintiffs are residents of the district.  Amended Complaint ¶¶ 1-8.  Three Plaintiffs are residents of the Eastern District of Virginia.  Amended Complaint ¶¶ 4,6,8.

II.  Analysis

A.  Defendants' Motion to Transfer Venue

1.  Venue Under ERISA

ERISA's venue provision, 29 U.S.C. §1132(e)(2), provides that:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, or the breach took place, or where a defendant resides or may be found and process may be served in any other district where a defendant resides or may be found.

The Plan and the Individual Defendants argue that the Fleet Reserve Association Pension Plan was not "administered" in this district, no "breach" of the plan took place here, and no Defendant "resides" or may be "found" in this district; accordingly, they assert venue in this district is improper.

Plaintiffs contend that venue in this district is proper because the Plan may be "found" in this district, and the alleged "breach" of the Plan occurred in this district.

a.  Where a Defendant May Be Found

Plaintiffs can establish that venue in this district is proper if they can establish that one of the Defendants may be "found" in this district.  Because the Plaintiffs do not claim that any Individual Defendant may be "found" in Maryland, Plaintiffs must establish that the Plan's connections to the

3

district satisfy the requirements of § 1132(e)(2).

In drafting ERISA Congress's stated intent was to provide ERISA claims "ready access to the Federal Courts."  29 U.S.C § 1001(b).  As a result, courts interpreting the language of § 1132(e)(2) have liberally construed the venue provision.  *Waeltz v. Delta Pilots Retirement Plan,* 301 F.3d 804 (7th Cir. 2002); *Varsic v. United States District Court, Central District of California,* 607 F.2d 245, 247 (9th Cir. 1979); *Cole v. Central States, Southeast and Southwest Areas Health and Welfare Fund,* 227 F.Supp.2d 190 (D.Mass. 2001); *McFarland v. Yegen,* 699 F.Supp. 10 (D.N.H. 1988); *Trustees of the National Automatic Sprinkler Industry Pension Fund v. Best Automatic Fire Protection,* 578 F.Supp. 94 (D.Md. 1983); *Bostic v. Ohio River Company Basic Pension Plan,* S.D. W.Va. 1981); *Ballinger v. Perkins,* 515 F.Supp. 673 (W.D.Va 1981); *Fulk v. Bagley* 88 F.R.D. 153, 167 (M.D.N.C. 1980).

In *Varsic v. United States District Court for the Central District of California,* the Ninth Circuit held that a defendant "may be found" in any district that can assert personal jurisdiction over the defendant.  607 F.2d 245, 248; *see also Waeltz v. Delta Pilots Retirement Plan,* 301 F.3d 804 (7th Cir. 2002); *I.A.M. National Pension Fund,* 699 F.2d 1254 (D.C. Cir. 1983); *Abercrombie v. Continental Casualty* Co., 295 F.Supp.2d 604 (D.S.C. 2003) *Cole* 227 F.Supp.2d 190; *Seitz* 953 F.Supp. 100

4

(S.D.N.Y 1997); *Wallace v. American Petrofina,* 659 F.Supp. 829 (E.D.Tx. 1987); *Bostic,* 517 F.Supp. 627; *Ballinger* 515 F.Supp. 673.   Applying the standard articulated in *International Shoe v. Washington,* 326 U.S. 310, and its progeny, the Ninth Circuit further held that personal jurisdiction, and therefore venue, will properly lie in a district where the defendant has established "certain minimum contacts such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"   *Id.*   Finding "minimum contacts" requires that:

> (1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) The claim must be one which arises out of or results from the defendant's forum related activities. 3) Exercise of jurisdiction must be reasonable.

*Id* at 249.

In determining what "minimum contacts" allow a defendant plan to be "found" for venue purposes, the Ninth Circuit held that a defendant plan satisfied the minimum contacts test when a plaintiff plan participant works and earns pension credits in the district.   *Varsic*, 607 F.2d 245 *at* 250; *accord Dittman v. Dyno Nobel*, 1998 WL 865603 (N.D.N.Y. 1998); *Ransom v. Administrative Committee for Lightnet/WTG Special Income Protection Program,* 820 F.Supp. 1429 (N.D.Ga. 1993) *Wallace,* 659 F.Supp. 829; *Ballinger* 515 F.Supp. 673.

However, the district court in *Seitz v. Board of Trustees of the Pension Plan of the New York State Teamsters Conference Pension and Retirement Fund* held that the mere presence of contributing employees other than the Plaintiffs in the district was not sufficient to satisfy the *Varsic* "minimum contacts" test. 953 F.Supp. 100 (S.D.N.Y. 1997).  Similarly, the Seventh Circuit limited the reach of § 1132(e)(2) in *Waeltz v. Delta Pilots Retirement Plan* and held that a defendant pension plan could not be found in a district in which participants merely received their pension benefits but did not work or earn pension credits. *Waeltz,* 301 F.3d 804.

Plaintiffs contend that the Plan may be "found" in this district because Cross previously worked and earned pension credits in Maryland.  Def. Reply p. 7.   Although Cross does not claim that his place of full time employment was in Maryland, he claims to have given "numerous presentations in Maryland" during the course of his employment and therefore "earned pension credits in that plan based on...employment in Maryland."  Def. Reply ¶¶ 2-3.

Although a defendant plan can be "found" in a district in which a plaintiff's place of employment is located and in which he earns pension credits, venue is not appropriate merely because Cross spent some limited time making presentations and earning pension credits in Maryland.  Such limited contacts, without

6

more, do not show purposeful availment on the part of the Plan in
the forum.  It would be unreasonable to "find" a defendant plan
wherever one of its participants happens to travel, however
briefly, in the course of his employment.  Cross has failed to
establish that the Plan had the requisite minimum contacts to
establish proper venue in this district on the basis that the
Plan may be "found" here.


b.  Where The Breach Took Place

      Plaintiffs can also establish venue under § 1132(e)(2) if
they can establish that the "breach" of the plan took place in
this district.

      Most courts take the view that ERISA benefit plans are
contracts, and contract law governs when deciding where a breach
of an ERISA plan occurred.  *Cole,* 227 F.Supp.2d 190; *Keating v.*
*The Whitmore Manufacturing Company,* 981 F.Supp. 890 (E.D.Pa.
1997); *McFarland*, 699 F.Supp. 10; *Wallace*, 659 F.Supp. 829;
*Bostic,* 517 F.Supp. 627.  Under contract analysis "the place
where a cause of action for breach of contract arises is
generally...the place where the contract is to be performed."
*Bostic,* 517 F.Supp. 627, 636.  Applying this analysis, most
courts have found that in ERISA benefit claims the alleged breach
occurred in the district where the beneficiary receives, or
should have received, his benefits.  *Schrader v. Trucking*

*Employees of North Jersey Welfare Fund*, 232 F.Supp.2d 560 (M.D.N.C. 2002); *Cole,* 227 F.Supp.2d 190; *Keating v. The Whitmore Manufacturing Company,* 981 F.Supp. 890 (E.D.Pa. 1997); *McFarland*, 699 F.Supp. 10; *Wallace*, 659 F.Supp. 829; *Bostic,* 517 F.Supp. 627.   However, when the plaintiff alleges only a breach of fiduciary duty, rather than makes a claim for benefits due, the breach is considered to have occurred where defendants acted or failed to act as their duties required.  *McFarland*, 699 F.Supp. 10.

The Plaintiffs allege that the Plan and defendant Cole erroneously denied their claims for additional benefits under the terms of the existing plan documents and seek payment of additional benefits.  Amended Complaint ¶¶ 156-157.   Defendants do not deny that Cross was a resident of Maryland when he allegedly should have received the benefits he now seeks.

Insofar as Cross seeks Plan benefits allegedly wrongfully denied him while a resident of this district, the alleged "breach" of the plan occurred in this district.  As a result, § 1132(e)(2) venue in this district is proper.


2.  Transfer of Venue Under 28 U.S.C. § 1404(a)

28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

division where it might have been brought." The burden is on the moving party to show that transfer to another forum is proper. *Lynch v. Vanderhoeff Builders*, 237 F.Supp.2d 615 (D.Md.2002). Unless the balance of factors "is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Collins v. Straight Inc.* 748 F.2d 916, 921 (4th Cir. 1984); *see also Schrader,* 232 F.Supp. 2d. 573; *Regent Lighting Corp. v. Galaxy Elec. Mgf. Inc.* 993 F.Supp. 507 (M.D.N.C. 1996).

In determining whether to grant a motion to transfer, courts are to consider: 1) the weight accorded the plaintiff's choice of venue; 2) witness convenience and access; 3) convenience of the parties, and 4) the interest of justice. *Lynch,* 237 F.Supp.2d 615. The balance of these factors does not support a transfer of venue under § 1404(a).

a.  Weight Accorded Plaintiffs Choice of Venue

In general, a plaintiff's forum choice of venue is "entitled to substantial weight." *Board of Trustees, Sheet Metal Workers National Fund*, 702 F.Supp.1253, 1256 (E.D.Va. 1988). In ERISA cases there is "a further policy rationale in favor of according plaintiff's choice of forum somewhat greater weight than would typically be the case" given Congress's stated intent to provide ERISA claims liberal venue provision. *Id. at* 1256; *see also Trustees of the Plumbers and Pipefitters National Pension Fund v.*

9

*T.L. Services, Inc.*, 2000 WL 1923515 (E.D.Va. 2000); *Trustees of the National Automatic Sprinkler Industry Pension Fund v. Best Automatic Fire Protection*, 578 F.Supp. 94 (D.Md. 1983).  Given this presumption and the alleged breach in this district, Plaintiffs' choice of venue in this case is accorded considerable weight.

b.  Witness Convenience and Access

     Although the Plan is administered and keeps its books and records in the Eastern District of Virginia, none of the Defendants resides in either forum, and Defendants have not identified any witnesses residing outside of this district who would be inconvenienced by trial here.  Even if some witnesses reside outside this district, the geographic proximity of Maryland and the Eastern District of Virginia makes any inconvenience relatively slight.  Accordingly, the Court finds this is a neutral factor.

c.  Convenience of the Parties

     As none of the Individual Defendants lives in either the District of Maryland or the Eastern District of Virginia, the convenience of the Individual Defendants will not be markedly affected by venue in this district.  Although the Plan is administered and keeps its books and records in the proposed

forum, Cross resides in this district.  Balancing these facts, the Court finds this factor neutral.

d.  Interest of Justice

Consideration of the interests of justice "is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Baylor Heating & Air Conditioning,* 702 F.Supp. 1253, 1260.  Factors include the court's familiarity with the applicable law, the possibility of an unfair trial and the possibility of harassment. *Id.*  In this case, Plaintiffs allege a breach of federal rather than local law, and Defendant can point to no local conditions that would interfere with Defendants' ability to receive a fair trial.  As a result, the Court finds this factor favors the Plaintiff.

3.  Conclusion

As the Plaintiffs can establish venue under §1132(e)(2) for the alleged breach of the Plan in this district, and because the facts do not support a transfer of venue under §1404(a), Defendant's motion to transfer will be denied.

B.  Plaintiff's Motion to Strike or File Surreply

In their Reply Memorandum, Defendants argue that the statute

11

of limitations began to run when Cross received his pension
benefits on June 30, 2001 and expired before he filed suit on
January 3, 2005.  In response, Plaintiffs have filed a motion to
strike Defendants' argument or, in the alternative, file
surreply.

Although ERISA itself does not specify when the statute of
limitations begins to run on a benefit claim, "courts have
uniformly required that Plaintiffs exhaust their administrative
remedies because of the legislative history and textual
provisions of ERISA." *Lippard v. Unumprovident* Corporation, 262
F.Supp.2d 368, 378 (M.D.N.C. 2003); *see also Makar v. Health Care
Corp. of Mid-Atlantic (Carefirst)*, 872 F.2d 80 (4th Cir. 1989).
The Fourth Circuit has held that the statute of limitations does
not begin to run until there has been a formal and final denial
of a benefits claim.  *Id; see also Rodriguez v. MEBA Pension
Trust,* 872 F.2d 69 (4th Cir. 1989).

Plaintiffs' final appeal to the Plan requested a
reconsideration of the January 14, 2005 denial of additional
benefits.  Amended Complaint ¶¶ 108-109.  This reconsideration
was denied on April 11, 2005.  *Id.*  As a result, the statute of
limitations of Cross's claim for additional benefits did not
begin to run until April 11, 2005.  Cross's suit was timely filed
in January 2005.  For this reason the Plaintiffs' motion to
strike or file a surreply will be denied.

12

August 23, 2005                         _____/s/_____
Date                                    William D. Quarles, Jr.
                                        United States District Judge