IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|                          |   |                         |
|--------------------------|---|-------------------------|
|                          | * |                         |
| JAMES CROSS, *et al.*,   |   |                         |
|                          | * |                         |
|     Plaintiffs,          |   |                         |
| v.                       | * | CIVIL NO.: WDQ-05-0001  |
|                          |   |                         |
| FLEET RESERVE ASSOCIATION| * |                         |
| PENSION PLAN, *et al.*,  |   |                         |
|                          | * |                         |
|     Defendants.          |   |                         |
|                          | * |                         |

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Plaintiffs James Cross, Jerry Butler, Charles Calkins, Edward Huylebruck, James Lee, Heidi Schuller, Pamela Wells, and Patricia Williamson sued the Fleet Reserve Association Pension Plan and Trust (the "Plan") and the Plan's administrator, Noel Bragg, under the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461.[1]  Pending is the Defendants' motion to alter or amend the Court's September 28, 2006 Order (Paper No. 65).  For the following reasons, the motion will be granted in part and denied in part.

---

[1]  The Plaintiffs voluntarily dismissed all claims against Russell Belt, Lawrence Boudreaux, Lindell Clymer, Forest Harell, Robert King, Dean Miller, Victor Miranda, Ralph Schmidt, Eugene Smith and Richard Smith.

I.  Background

The Plaintiffs, all former employees of the Fleet Reserve Association and vested participants of the Plan, sued the Defendants for: (1) violating ERISA's reporting and disclosure requirements (Count I); (2) breach of fiduciary duty (Count II); (3) violating ERISA's amendment and notification requirements (Count III); and (4) erroneously denying the Plaintiffs' claims for additional benefits (Count IV).

For reasons discussed in its accompanying Memorandum Opinion (Paper No. 64, the "Opinion"), the September 28, 2006 Order granted the Plaintiffs' motion for summary judgment on Counts III and IV, and granted the Defendants' motion for summary judgment on Count I and on Count II as to the claims of all the Plaintiffs save Charles Calkins.

The Defendants now move the Court to amend its Order to: (1) grant the Defendants summary judgment on Count II as to the claims of all Plaintiffs; (2) clarify whether, after the amendment, the Order disposes of all claims; and (3) clarify the scope of relief granted for Counts III and IV.


II.  Discussion

A.  Standard of Review

Federal Rule of Civil Procedure ("Rule") 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no

later than 10 days after entry of the judgment."  The rule "was adopted to 'mak[e] clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment."  *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 450 (1982) (quoting the Advisory Committee Note to the 1946 amendment of Rule 59). "[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits."  *Id*. at 451.

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal quotation marks omitted). "Moreover, Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered."  *Id*.

B.  Analysis

1.  Amendment of the Court's Order on Count II

In Count II, the Plaintiffs claimed that Bragg breached his fiduciary duty as the Plan's administrator when he improperly amended the Plan's benefit formula in a 2003 amendment and restatement of the Plan (the "2003 Plan").  The Plaintiffs sought

3

rescission of the unauthorized amendment, and the removal of Bragg as the Plan's administrator, along with costs and fees. The Court granted summary judgment for the Defendants on Count II as to the claims of all the Plaintiffs except Charles Calkins, because it was unlikely that their alleged injury--non-payment of benefits--could be redressed by a favorable decision, and thus they lacked constitutional standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Because all the Plaintiffs except Calkins had retired prior to the 2003 Plan's effective date of January 1, 2002, they were never affected by the amendment, and would not recover for their alleged individual injuries by the relief requested. Defs.' Mot. for Summ. J. Ex. 4 at 1; Pls.' Statement of Material Facts not in Dispute ("PSF") Ex. 1, Ex. 5 at 3; Defs.' Statement of Material Facts not in Dispute ("DSF") ¶ 28.

As for Calkins, the Court found that because he had retired after the effective date of the 2003 Plan, the unauthorized amendment, if applied retroactively, would partly affect the calculation of his benefits, and thus a rescission would grant him relief. DSF ¶ 28.

The Defendants now acknowledge that, because Calkins received his benefits before the 2003 Plan was adopted, his benefit calculation is not retroactively affected by the unauthorized amendment, and should be completely determined under

the same formula as the other Plaintiffs.  As Calkins's unpaid
benefits are thus not affected by the 2003 Plan, there is no
reasonable likelihood that a rescission of the amendment would
provide him any relief.

The Plaintiffs argue, though, that Calkins is also
interested in pursuing Count II in order to obtain Bragg's
removal as the Plan's administrator, and contend that plan
participants and beneficiaries are entitled to seek such relief
under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), citing *Chao v.
Malkani,* 452 F.3d 290 (4th Cir. 2006).

The Court disagrees.  In *Chao*, the Fourth Circuit found that
fiduciary removal pursuant to ERISA § 409 was appropriate in an
action brought by the Secretary of the Labor on behalf of an
ERISA plan.  *Id*. at 294.  ERISA § 409(a) provides that a person
who breaches a fiduciary duty to an ERISA plan may be subject to
removal.[2]  The relief provided under § 409 "inures to the benefit
of the plan as a whole," and removal of a fiduciary is an example

---

[2]  ERISA § 409(a) provides in part:
Any person who is a fiduciary with respect to a plan who
breaches any of the responsibilities, obligations, or duties
imposed upon fiduciaries by this subchapter shall be
personally liable to make good to such plan any losses to
the plan resulting from each such breach, and to restore to
such plan any profits of such fiduciary which have been made
through use of assets of the plan by the fiduciary, and
shall be subject to such other equitable or remedial relief
as the court may deem appropriate, *including removal of such
fiduciary.*

29 U.S.C. § 1109(a) (emphasis added).

5

of such "plan-related relief." *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 140-42 (1985) (internal quotation marks omitted).  Civil suits to enforce § 409 are authorized under § 502(a)(2), which provides that a civil action may be brought: "by the Secretary [of Labor], or by a participant, beneficiary or fiduciary for appropriate relief under [§ 409] of this title." 29 U.S.C. § 1132(a)(2); *Russell,* 473 U.S. at 142 n.9.

But the Plaintiffs have brought Count II pursuant to ERISA § 502(a)(3), which provides that a civil action may be brought:

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . .

29 U.S.C. § 1132(a)(3) (emphasis added).  § 502(a)(3) "does not, after all, authorize 'appropriate equitable relief' *at large*, but only 'appropriate equitable relief' for the purpose of 'redress [ing any] violations or . . . enforc[ing] any provisions' of ERISA or an ERISA plan." *Mertens v. Hewitt Associates,* 508 U.S. 248, 253 (1993).  "Plan-related relief," such as removal, is not an "appropriate equitable remedy" for redressing the non-payment of benefits to plaintiffs suing on their own behalf or that of "similarly situated participants" under § 502(a)(3).  Am. Compl. ¶ 140.

Thus, in addition to lacking constitutional standing to sue on Count II because rescission of the 2003 Plan will not redress

their injuries, the Plaintiffs also lack statutory standing to
seek the remedy of Bragg's removal under ERISA § 502(a)(3).
Accordingly, the Court's order will be amended to grant summary
judgment for the Defendants on Count II as to the claims of all
Plaintiffs.

2.   Clarification of Scope of Relief Granted

a.   Basis of Judgment on Count IV

The Defendants contend that if the basis for the Court's
judgment for the Plaintiffs on Count IV was that the Plaintiffs
relied upon the terms in the 1996 Plan, then the Court should
have only awarded summary judgment as to the three Plaintiffs who
could have viewed the 1996 Plan document after its "ultimate
approval" in November 1998:[3] Cross, Schuller, and Calkins.

The Court's decision was not based on any theory requiring
detrimental reliance by the Plaintiffs, but on its rejection of
the plan administrator's application of the equitable principles
of mistake and reformation to alter the unambiguous terms of an
approved ERISA Plan.  The Court held that Bragg committed a legal

---

[3] The Defendants admitted that the 1996 Plan was adopted by
the FRA in November 1996.  DSF ¶ 23; Defs.' Objections to PSF ¶
60.  The Defendants now argue that the "ultimate adoption" of the
1996 Plan did not occur until November 1998, because the 1996
Plan states that it was "made and entered into this 25th day of
November, 1998."  Defs.' Mot. to Amend 3; Defs.' Mot. for Summ.
J. Ex. 3 at 1.

error when he applied the equitable doctrine of scrivener's error
to alter the benefit formula stated in the 1996 amendment and
restatement of the Plan (the "1996 Plan").  Opinion 8-10.  The
Court then found that Bragg's denial of benefits due under the
unaltered terms of the 1996 Plan was an abuse of discretion, and
granted summary judgment for the Plaintiffs on Count IV.
Estoppel is not required to enforce the clear terms of an ERISA
plan.

b.  Damages, Prejudgment Interest, Attorneys Fees and Costs

The Court's Order of September 28, 2006, as amended, will
dispose of all claims.  The parties agree that the Plaintiffs are
owed the following benefits pursuant to the Integrated Benefit
formula in the 1996 Plan:

| Plaintiff: | Benefit Due: |
| --- | --- |
| Wilfred Butler | $15,241.14 |
| Charles Calkins | $47,969.28 |
| James Cross | $90,731.32 |
| Edward Huylebroek | $93,748.23 |
| James Lee | $35,898.14 |
| Heidi Schuller | $698.42 |
| Pamela Wells | $4,150.14 |
| Patricia Williamson | $8,276.85 |

Defs.'Mot. 5; Pls.' Resp. 2.

The Plaintiffs submit that they are also entitled to prejudgment interest, as well as attorneys fees and costs pursuant to 29 U.S.C. §1132(g).  An award under §1132(g) depends on the consideration of five factors: (1) the opposing party's bad faith; (2) its ability to pay; (3) the potential for deterrence; (4) whom the prevailing party sought to benefit by the suit or the significance of the legal question it sought to resolve; and (5) the relative merits of the parties' positions. *Martin v. Blue Cross & Blue Shield of Va., Inc.*, 115 F.3d 1201, 1209 (4th Cir. 1997).  Because neither of the parties has adequately addressed these factors, the Court will postpone a decision on the amount of fees and costs, if any, to award until the parties have briefed the issue.

In the interim, respective counsel should discuss the actual dollar amount of monies owed to each Plaintiff including prejudgment interest.  As this determination requires simple arithmetical computation, the parties are encouraged to agree on the correct number so as not to impose an unnecessary burden on the Court.  Counsel should communicate the result to the Court as soon as possible, but no later than the additional briefing for attorneys fees and costs has been completed.

III.   Conclusion

For the reasons discussed above, the Defendants' motion to alter or amend will be granted in part and denied in part.   The Court's Order of September 28, 2006 will be amended to grant summary judgment on Count II as to the claims of all Plaintiffs, including Charles Calkins.   A separate order follows.


December 18, 2006                           /s/
Date                              William D. Quarles, Jr.
                                  United States District Judge

1