IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JAMES CROSS*, et al.*,

    Plaintiffs,

v.                                CIVIL NO.: WDQ-05-0001

FLEET RESERVE ASSOCIATION
PENSION PLAN, *et al.*,

    Defendants.

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

James Cross, Jerry Butler, Charles Calkins, Edward

Huylebruck, James Lee, Heidi Schuller, Pamela Wells, and

Patricia Williamson have sued the Fleet Reserve Association

Pension Plan and Trust (the "Plan") and the Plan's

administrator, Noel Bragg, under the Employment Retirement

Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§

1001-1461.  Pending are the Defendants' motion for

reconsideration (Paper No. 101), and the Plaintiffs' motions:

(1) for postjudgment interest (Paper No. 103),[1] (2) for

attorneys' fees (Paper No. 78), and (3) to strike the

Defendants' response in opposition to their motion for

---

[1] The parties have also requested the Court's instruction on the method for calculating the prejudgment interest awarded in the Court's December 18, 2006 Order (Paper No. 72).

attorneys' fees (Paper No. 87).  For the following reasons, the
motion for reconsideration will be granted in part and denied in
part, the motion for postjudgment interest will be granted, and
the motions for attorneys' fees and to strike will be denied.


I.  Background

     The Plaintiffs, all former employees of the Fleet Reserve
Association and vested participants of the Plan, sued the
Defendants for: (1) violating ERISA's reporting and disclosure
requirements (Count I); (2) breach of fiduciary duty (Count II);
(3) violating ERISA's amendment and notification requirements
(Count III); and (4) erroneously denying the Plaintiffs' claims
for additional benefits (Count IV).  The pertinent facts of the
case are described in the Court's September 28, 2006 Memorandum
Opinion (Paper No. 64).

     On September 28, 2006, the Court granted summary judgment
for the Plaintiffs on Counts III and IV, and summary judgment
for the Defendants on Count I and on Count II as to the claims
of all the Plaintiffs save Charles Calkins.  Papers No. 64, 65.

     On December 18, 2006, the Court amended the September 28
Order to grant the Defendants summary judgment on Count II as to
all Plaintiffs.  Papers No. 71, 72.  The December 18 Order also
enjoined the Defendants to rescind the improper January 1, 2002

amendment and restatement of the Plan (the "2003 Amendment"), ordered the Defendants to pay the Plaintiffs all benefits owed under the terms of the Plan, and awarded prejudgment interest. The Court ordered the parties to confer to calculate the actual dollar amount of pension benefits owed, including prejudgment interest, and to communicate the result to the Court within 30 days.

On January 8, 2007, the Defendants filed an appeal, followed by a motion for a stay of execution on January 25. Paper No. 86.  On February 27, 2007, the Court stayed execution pending the adjudication of the appeal.

On March 27, 2007, the Fourth Circuit dismissed the appeal.

II.  Motion for Reconsideration

The Defendants ask the Court to reconsider two issues that they assert "were only framed clearly in arguments post-summary judgment."  Defs.' Mem. in Supp. of Mot. 1.  First, the Defendants argue that the Court's grant of summary judgment for the Plaintiffs on Count III and pursuant order to rescind the 2003 Amendment were improper because the Plaintiffs lacked constitutional standing to pursue that claim.

Second, the Defendants contend that all of the Plaintiffs' claims were time-barred because none of the Plaintiffs filed an

3

administrative appeal of their lump-sum benefit distributions
within the 60-day period provided by the Plan, and only Calkins
initiated his suit for unpaid benefits within the three-year
limitations period.


II.A. Standard of Review

      The Defendants incorrectly maintain that the Court's
September 28 and December 18, 2006 Orders were interlocutory and
subject to modification until the entry of final judgment.  The
Court's September 28, 2006 Order, as modified by the December 18
Order, disposed of all four counts of the Amended Complaint,
granting summary judgment for the Defendants on Counts I and II
and for the Plaintiffs on Counts III and IV, and ordering
rescission of the 2003 Amendment and payment of benefits owed to
the Plaintiffs with prejudgment interest.  As such, the Court's
September 28 Order, as modified, was an entry of judgment, with
the actual dollar amount of the Plaintiffs' award to be
calculated by the parties and communicated to the Court within
30 days.

      When a party moving for reconsideration of a judgment does
not refer to a specific Federal Rule of Civil Procedure
("Rule"), the court considers the motion as either a Rule 59(e)
motion to alter or amend a judgment, or a Rule 60(b) motion for

relief from a judgment or order.  *In re Burnley*, 988 F.2d 1, 2
(4th Cir. 1992).  When the motion is filed more than ten days
after entry of judgment, Rule 59(e) is inapplicable, and the
court proceeds under Rule 60(b).  *Id.* at 3.

Rule 60(b) provides that, "upon such terms as are just, the
court may relieve a party . . . from a final judgment, order, or
proceeding," for, *inter alia*: mistake, excusable neglect, newly
discovered evidence, fraud, the judgment being void, or "any
other reason justifying relief."  Fed. R. Civ. P. 60(b).  "The
remedy provided by the Rule, however, is extraordinary and is
only to be invoked upon a showing of exceptional circumstances."
*Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir.
1979).  Further, "a 60(b) motion may not substitute for a timely
and proper appeal."  *Werner v. Carbo*, 731 F.2d 204, 207 (4th
Cir. 1984).


II.B. Analysis

II.B.1.  Standing on Count III

The Defendants argue that the Plaintiffs lacked standing to
bring Count III, in which they sought rescission of the 2003
Amendment on the basis that it was improperly adopted under 29
U.S.C. §§ 1054(g) and 1082(c)(8), for the same reason the Court
found that the Plaintiffs lacked standing to bring Count II, in

which they sought rescission of the 2003 Amendment and removal
of the Plan's administrator for breach of fiduciary duty under
29 U.S.C. § 1132(a).  The Plaintiffs were not affected by the
2003 Amendment because all of them retired prior to the
amendment's adoption, thus there was no reasonable likelihood
that Count II's requested relief would have redressed the
Plaintiffs' injury of unpaid benefits.  Paper No. 64 at 20,
Paper No. 71 at 4-5.

"Article III, of course, gives the federal courts
jurisdiction over only 'cases and controversies,' and the
doctrine of standing serves to identify those disputes which are
appropriately resolved through the judicial process."  *Whitmore
v. Arkansas*, 495 U.S. 149, 154-55 (1990).  "To meet the standing
requirements of Article III, a plaintiff must allege personal
injury fairly traceable to the defendant's allegedly unlawful
conduct and likely to be redressed by the requested relief."
*Clinton v. City of New York*,  524 U.S. 417, 430 n.15 (1998)
(internal quotation marks omitted).  The standing requirement
"remains open to review at all stages of the litigation,"
*National Organization for Women, Inc. v. Scheidler*, 510 U.S.
249, 255 (1994), and is "not subject to waiver."  *Lewis v.
Casey*, 518 U.S. 343, 349 n.1 (1996).  As Justice Powell
explained:

The essence of the standing question, in its constitutional dimension, is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.

*Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 260-61 (1977) (internal quotation marks omitted).

An order may be void under Rule 60(b)(4) if the court rendering the decision lacked subject matter jurisdiction. *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). But "a lack of subject matter jurisdiction will not always render a final judgment void"--the concept of a void judgment under Rule 60(b)(4) is narrowly construed to avoid the threat to finality of judgments and the risk that litigants will use Rule 60(b)(4) to circumvent the appeal process. *Id*. at 412-13 (internal quotation marks omitted). A lack of subject matter jurisdiction will only render a final judgment void "when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction." *Id*. at 413 (internal quotation marks omitted).

Although the Defendants' challenge of the Court's power to grant relief on Count III comes at the eleventh hour, it is nonetheless valid. As the Court found with Count II, the Plaintiffs have alleged no injury traceable to the Defendants'

7

improper amendment of the Plan nor any personal stake in whether
the 2003 Amendment stands or is rescinded.  Thus, the Plaintiffs
lacked constitutional standing to invoke the Court's
jurisdiction for their cause of action in Count III, and the
Court's grant of summary judgment for the Plaintiffs on that
count and order to rescind the 2003 Amendment were invalid.

II.B.2.  Timeliness

The Defendants' arguments that the Plaintiffs' claims are
time-barred, however, do not present any of the "exceptional
circumstances" contemplated under Rule 60(b) to warrant relief
from the Court's judgment.

A defense based on a plaintiff's failure to timely exhaust
administrative remedies, like a statute of limitations, is not
jurisdictional and subject to waiver, estoppel, and equitable
tolling.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393
(1982).  The contention that the Plaintiffs' benefits claims are
barred because of their failure to file a timely administrative
appeal was cognizable prior to the Court's September 28, 2006
judgment, and the Defendants waived that defense by failing to
assert it promptly in their Answer or motion for summary
judgment.  *See Peterson v. Air Line Pilots Ass'n, Int'l.*, 759
F.2d 1161, 1164 (4th Cir. 1985) ("defense of limitations is

waived unless asserted promptly by way of answer or motion").

The Defendants' three-year statute-of-limitations argument was raised in their Reply memorandum in support of their motion to transfer (Paper No. 18), and in their motion for summary judgment (Paper No. 43).  The Court's opinion of the law has not changed since it rejected the argument in its August 23, 2005 Memorandum Opinion.  Paper No. 20 at 12.

Accordingly, the Defendants' motion for reconsideration will be granted in part and denied in part: the Court's September 28, 2006 Order will be further amended to grant summary judgment for the Defendants on Count III, and the Court's December 18, 2006 Order to rescind the January 1, 2002 amendment and restatement of the Fleet Reserve Association Pension Plan and Trust will be vacated.


III.  Motion for Postjudgment Interest

The Plaintiffs move for the Court to award postjudgment interest under 28 U.S.C. § 1961.  The Defendants do not oppose the propriety of awarding postjudgment interest, but disagree on the date such interest should accrue.  Additionally, the parties seek instruction on how the Court's prejudgment interest award should be calculated, as such is not prescribed by federal statute.  The Court will resolve the questions regarding

prejudgment interest first, which will segue to the appropriate means of awarding postjudgment interest.

III.A.  Prejudgment Interest

On December 18, 2006, the Court ordered the parties to determine the amount of prejudgment interest owed on the unpaid Plan benefits and communicate the result to the Court.  The parties have been unable to agree on the appropriate prejudgment interest rate, date to begin interest accrual, or calculation method, thus the Court will dictate the appropriate values and method.

III.A.1.  Prejudgment Interest Rate

"Federal law controls the issuance of prejudgment interest awarded on federal claims."  *Fox v. Fox,* 167 F.3d 880, 884 (4th Cir. 1999).

> ERISA does not specifically provide for prejudgment
> interest, and absent a statutory mandate the award of
> prejudgment interest is discretionary with the trial court.
> . . . The rate of prejudgment interest for cases involving
> federal questions is a matter left to the discretion of the
> district court.

*Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017, 1030-31 (4th Cir. 1993) (en banc).

In this case, prejudgment interest shall be calculated

using Maryland's legal rate of prejudgment interest: 6% per
year.  *See Fed. Sav. and Loan Ins. Corp. v. Quality Inns, Inc.,*
876 F.2d 353, 359 (4th Cir.1989) (observing that Maryland's
legal rate of prejudgment interest is 6%); *Gruber v. Unum Life
Ins. Co. of America*, 195 F. Supp. 2d 711, 719 (D. Md. 2002)
(awarding prejudgment interest at 6% on unpaid ERISA plan
benefits); Md. Const. art. 3, § 57 ("The Legal Rate of Interest
shall be Six per cent. per annum; unless otherwise provided by
the General Assembly.").


III.A.2.  Date of Accrual and Calculation of Awards

     The Plaintiffs argue that prejudgment interest should begin
to accrue on the date of the injury, whereas the Defendants
contend that accrual begins on the date the fiduciary denies an
appeal for unpaid benefits.

     In this case, each plaintiff's injury, the non-payment of
due pension benefits, occurred on the day that the Plan
distributed the plaintiff's lump-sum benefit according to the
wrong formula, which resulted in a lesser payment than that
which was due under the Plan's terms.

     In *Johanssen v. District No. 1--Pacific Coast
District*, 136 F. Supp. 2d 480 (D. Md. 2001), this Court
determined that prejudgment interest on unpaid benefits began to

accrue on the date the participant's lump-sum distribution would

have been paid.  *Id*. at 510.  The Fourth Circuit accepted this

method, but remanded the case in part for the Court to

"recalculate the Plaintiffs' monetary awards consistent with the

correct dates for lump sum distributions."  *Johannssen v. Dist.*

*No. 1--Pac. Coast Dist., MEBA Pension Plan,* 292 F.3d 159, 178

(4th Cir. 2002).

The Defendants' argument quotes the First Circuit's opinion

in *Cottrill v. Sparrow, Johnson & Ursillo, Inc.,* 100 F.3d 220,

223-24 (1st Cir. 1996), in which the court stated:

> Ordinarily, a cause of action under ERISA and prejudgment
> interest on a plan participant's claim both accrue when a
> fiduciary denies a participant benefits.  Setting the
> accrual date in this manner not only advances the general
> purposes of prejudgment interest, but also serves ERISA's
> remedial objectives by making a participant whole for the
> period during which the fiduciary withholds money legally
> due.  Figuring the accrual date in this way also prevents
> unjust enrichment.

*Id.* (citations omitted).  The First Circuit's statement of the

law does not support the Defendants' position.  The date "when a

fiduciary denies a participant benefits" is not necessarily the

date an appeal for unpaid benefits is denied.  In this case, the

unpaid portion of benefits was "legally due," according to the

terms of the Plan, on the date of the lump-sum distribution.

*Id*.  From that day forward, each plaintiff was deprived of the

benefit of that money, and the Plan was unjustly enriched by any

income it may have produced.

Accordingly, prejudgment interest shall be compounded annually and computed daily from the date of each plaintiff's lump-sum distribution to September 28, 2006, the date on which judgment was entered for the Plaintiffs on their unpaid benefits claims.  The lump-sum distribution dates and benefits due for each plaintiff are not in dispute:

| Plaintiff: | Benefit Due: | Distribution Date: |
|---|---|---|
| Wilfred Butler | $15,241.14 | July 1, 1996 |
| Charles Calkins | $47,969.28 | August 13, 2002 |
| James Cross | $90,731.32 | June 30, 2001 |
| Edward Huylebroek | $93,748.23 | August 1, 1997 |
| James Lee | $35,898.14 | May 31, 1996 |
| Heidi Schuller | $698.42 | September 23, 2001 |
| Pamela Wells | $4,150.14 | June 1, 1996 |
| Patricia Williamson | $8,276.85 | August 1, 1997 |
| All Plaintiffs | $296,713.52 | |

Defs.' Mot. to Amend J. (Paper No. 66) 5; Pls.' Opp'n to Defs.' Mot. to Amend J. (Paper No. 69) 2; Defs.' Mot. for Summ. J. Ex. 7, Ex. A, Ex. 1 at 4 (letter from Robert Dezube to Jerry Sweeney, May 1, 2004); Defs.' Statement of Material Facts Not in Dispute ¶ 28 (submitted with Defs.' Mot. for Summ. J. (Paper No. 43)) (listing distribution date for Plaintiff Calkins).

13

The amounts of prejudgment interest and total award to each plaintiff are thus:

| Plaintiff: | Interest: | Total Award: |
|---|---|---|
| Wilfred Butler | $12,452.74 | $27,693.88 |
| Charles Calkins | $13,048.76 | $61,018.04 |
| James Cross | $32,483.99 | $123,215.31 |
| Edward Huylebroek | $66,147.52 | $159,895.75 |
| James Lee | $29,658.11 | $65,556.25 |
| Heidi Schuller | $236.99 | $935.41 |
| Pamela Wells | $3,427.52 | $7,577.66 |
| Patricia Williamson | $5,840.04 | $14,116.89 |
| All Plaintiffs: | $163,295.67 | $460,009.19 |

III.B.  Postjudgment interest

Postjudgment interest will be awarded on the Plaintiffs' unpaid benefit and prejudgment interest awards under 28 U.S.C. § 1961, which provides that:

> [s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of the judgment. . . . Interest shall be computed daily to the date of payment . . . and shall be compounded annually.

28 U.S.C. § 1961.  "The purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of

14

compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990).

The Court granted judgment for the Plaintiffs on their unpaid benefits claims in Count IV on September 28, 2006.  At that time the amount of unpaid benefits for each plaintiff was ascertainable, and the respective prejudgment interest amounts knowable given the rate and method of accrual.  Thus, postjudgment interest on the unpaid benefits, with prejudgment interest, shall accrue from September 28, 2006, the date on which judgment was entered and prejudgment interest ceases to accrue.  The weekly average 1-year Treasury yield for the week ending September 22, 2006 was 4.97% per annum.  Federal Reserve Statistical Release, H.15(519) Selected Interest Rates, Sept. 25, 2006, *available at* http://www.federalreserve.gov/releases/h15/20060925/.

IV.  Motion for Attorneys' Fees

In their memorandum opposing the Defendants' motion to alter or amend judgment, the Plaintiffs "request[ed] that this Court schedule further proceedings to enter judgment against Defendants setting forth the monetary damages owed to each

plaintiff, prejudgment interest, attorneys fees and other relief

sought by all Plaintiffs."  Paper No. 69 at 7.  The Court's

December 18, 2006 Memorandum Opinion indicated that, although

the September 28, 2006 Order, as amended, would dispose of all

claims, the Court would postpone the decision to award

attorneys' fees until after the issue had been fully briefed.

Accordingly, the Court's December 18, 2006 Order instructed the

parties to:

> submit *briefs* on the issue of attorneys fees and
> costs, *including the amount thereof*, in accordance with the
> following schedule:
>     a. Petition by the Plaintiffs, within 15 days of the
>     date of this Order;
>     b. Response by the Defendants, within 25 days of the
>     date of this Order; and
>     c. Reply by the Plaintiffs, within 30 days of the
>     date of this Order.

Paper No. 72 ¶ 5 (emphasis added).  On the Plaintiffs' motion,

the Court extended the briefing schedule by fifteen days, but

did not otherwise amend the its December 18, 2006 Order.  Papers

No. 73, 74.  On January 16, the Plaintiffs filed a motion for

attorneys fees, but failed to file a supporting brief indicating

the amount sought or arguing the factors in support of such an

award, as requested by the Court.[2]

_____

[2] The Court indicated in its December 28, 2006 Memorandum Opinion
that the parties should address the Fourth Circuit's five
factors in *Martin v. Blue Cross & Blue Shield of Va., Inc.*, 115

The Plaintiffs argue in their motion to strike that the Court did not indicate that its December 18, 2006 Order was intended to supersede the Court's local rule governing the time for filing motions requesting attorneys' fees.  Such explicit language is not required, as Local Rule 109.2.a clearly renders its default deadlines subject to any schedule ordered by the Court:

> Unless otherwise provided by statute, L.R. 109.2.c *or otherwise ordered by the Court*, any motion requesting the award of attorneys' fees must be filed within fourteen days of the entry of judgment. The memorandum required by L.R. 109.2.b must be filed within thirty-five days from the date the motion is filed; or (*unless otherwise ordered by the Court*) in the event an appeal is taken from the underlying judgment, within fourteen days of the issuance of the mandate of the Court of Appeals.

D. Md. R. 109.2.a.  By failing to comply with the schedule dictated by Court's December 18, 2006 Order, as extended by the Court on December 20, 2006, the Plaintiffs waived their claim for attorneys' fees.  Accordingly, their motion for attorneys' fees will be denied.

---

F.3d 1201, 1209 (4th Cir. 1997).

17

V.   Motion to Strike

The Plaintiffs move to strike the Defendants' memorandum in opposition to the Plaintiffs' motion for attorneys' fees (Paper No. 83).

Rule 12(f) provides that "the court may order stricken *from any pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  Pleadings are defined in Rule 7(a) and include complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers.  Fed. R. Civ. P. 7(a).

As the Defendants' opposition memorandum is not a pleading under Rule 7(a), the Plaintiffs' motion to strike is inappropriate and will be denied.


VI.  Conclusion

For the reasons stated above, the Defendants' motion for reconsideration will be granted in part and denied in part: the Court's September 28, 2006 Order will be further amended to grant summary judgment for the Defendants on Count III, and the Court's December 18, 2006 Order to rescind the January 1, 2002 amendment and restatement of the Fleet Reserve Association Pension Plan and Trust will be vacated; the Plaintiffs' motion

18

for postjudgment interest will be granted; and the Plaintiffs'
motions for attorneys' fees and to strike will be denied.


_July 3, 2007_                     _____/s/_____
Date                              William D. Quarles, Jr.
                                  United States District Judge