```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

                                *
JAMES CROSS, *et al.*,
                                        *

    Plaintiffs,
                                        *

       v.                        CIVIL NO.: WDQ-05-0001
                                        *
FLEET RESERVE ASSOCIATION
PENSION PLAN, *et al.*,          *

    Defendants.                  *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

James Cross, Charles Calkins, Edward Huylebroeck,[1] James Lee, Jerry Butler, Pamela Wells, Patricia J. Williamson, and Heidi Schuller (collectively, the "plaintiffs") were awarded attorneys' fees under the Employment Retirement Income Security Act of 1974 ("ERISA")[2] against the Fleet Reserve Association Pension Plan (the "Plan") and Noel Bragg, the Plan's administrator (collectively, the "defendants"). For the following reasons, the defendants' motion to amend under Fed. R. Civ. P. 59(e) will be granted.

---

[1] On August 21, 2007, Doreen Patricia Huylebroeck, the executor of Edward Huylebroeck's estate, was substituted as plaintiff. ECF No. 121.

[2] 29 U.S.C. §§ 1001, *et seq.*

I. Background

In 1972, the Fleet Reserve Association (the "FRA") adopted the Plan. ECF No. 145 at 2. In 1985, the Plan was restated to provide that accrued benefits would be calculated under a "Step Formula." *Id.* In November 1996, the FRA's Board of Directors (the "FRA Board") amended the Plan (the "1996 Plan") to replace the Step Formula with an "Integration Formula." *Id.*

Between May 1996 and August 2002, the plaintiffs, former FRA employees and vested participants and beneficiaries of the Plan, received lump sum benefits. *Id.* In March 2002, the Plan learned that the accrued benefits paid had been calculated using the Step Formula instead of the Integration Formula. *Id.* Bragg concluded that the Integration Formula had been mistakenly included in the 1996 Plan. *Id.* at 3. After Bragg explained the mistake to the FRA Board, the FRA announced the scrivener's error at its 2002 National Convention. *Id.* In October 2003, the Internal Revenue Service granted Bragg's request to correct the Plan for a scrivener's error, and permitted the Plan to revert to the Step Formula for tax purposes. *Id.*

On January 3, 2005, the plaintiffs sued the Plan, Bragg, and ten former FRA Board members.[3] The plaintiffs prevailed on

---

[3] On July 7, 2006, the plaintiffs voluntarily dismissed all claims against the FRA Board members. ECF No. 57.

Count IV (improperly denying additional benefits). ECF No. 3.[4] When the plaintiffs applied for additional benefits under the Integration Formula, "Bragg denied their requests and subsequent appeals based on his erroneous application of the scrivener's error doctrine, [which was] contrary to the clear language of the plan." ECF No. 64 at 11. Bragg "committed a legal error" by applying the scrivener's error doctrine, and his "denial of benefits due under the . . . 1996 Plan was an abuse of discretion." ECF No. 71 at 8.

On September 9, 2009, the plaintiffs moved for attorneys' fees under ERISA. ECF No. 137.

On February 16, 2010, the Court denied attorneys' fees. *See* ECF No. 145 at 8-17. The Court found that because Bragg had promptly reported the benefits calculation error to the FRA Board, he had not "engaged in culpable and bad faith conduct." *Id.* at 12-14.

On March 1 and April 1, 2010, the plaintiffs sought reconsideration supported by new evidence. ECF Nos. 147, 150. On

---

[4] On September 28, 2006, the Court granted summary judgment to (1) the defendants on Counts I and II except as to one plaintiff, and (2) the plaintiffs on Counts III and IV. ECF No. 64. On December 18, 2006, the Court amended the September 28 Order to grant the defendants summary judgment on Count II as to all the plaintiffs. ECF No. 72. On July 3, 2007, the Court further amended that Order to grant the defendants summary judgment on Count III. ECF No. 110.

April 19, 2010, the defendants opposed those motions, noting that if the plaintiffs prevailed, the "award must be limited to one against the Plan [because t]he benefit claim is against the assets of the Plan[, and] the plan administrator is not a guarantor of the benefit even if procedurally the claim is made against him as the person controlling the assets of the Plan." ECF No. 151 at 5 n.4.

On September 13, 2010, the Court held:

> 3. The Defendants are jointly and severally liable for the Plaintiffs' attorneys' fees in the amount of $416,432.70 plus post-judgment interest at the legal rate[.]

ECF No. 156 (the "Fees Order"). In recognizing its "wide discretion . . . to allocate fees among defendants," the Court concluded that joint and several liability was "appropriate" after considering: "(1) the nature of the injury and who caused it, (2) the amount of time the [p]laintiffs spent litigating against each defendant; and (3) the defendants' ability to pay."[5]

On October 6, 2010, the defendants moved to amend the Fees Order under Fed. R. Civ. P. 59(e). ECF No. 161. On October 19, 2010, the FRA paid the attorneys' fees. ECF No. 162, Ex. 1 at 2. On October 21, 2010, the plaintiffs opposed the defendants'

---

[5] ECF No. 155 at 26 n.39 (citing *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 960 (1st Cir. 1994); *Essex v. Randall*, No. DKC20033276, 2006 WL 83424, at *7 (D. Md. Jan. 11, 2006); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, No. MGJ-95-309, 2002 WL 31777631, at *15 (D. Md. Nov. 21, 2002)).

4

motion to amend. ECF No. 162. On November 1, 2010, the defendants filed their reply. ECF No. 163.

II. Analysis

A. Standard of Review

A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment or order under Rule 60(b). *See* Fed. R. Civ. P. 59(e), 60(b).[6] A "judgment" is "a decree and any order from which an appeal lies." *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008) (internal quotation marks omitted) (*quoting* Fed. R. Civ. P. 54(a)). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992). Because the Fees Order was a judgment, and the defendants filed their motion to amend within 28 days, Rule 59(e) governs it.

Under Rule 59(e), a court may grant a motion to alter or amend the judgment to prevent manifest injustice. *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008) (citation and internal quotation marks omitted).

---

[6] Generally, interlocutory orders are subject to modification "prior to the entry of a final judgment adjudicating the claims to which they pertain." *Williams v. Cnty. of Westchester*, 171 F.3d 98, 102 (2d Cir. 1999); Fed. R. Civ. P. 54(b).

5

Mere disagreement with the court's decision does not justify granting a Rule 59(e) motion. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

B. Motion to Amend the Fees Order

The defendants have moved to amend the Fees Order--which holds the Plan and Bragg jointly and severally liable--to be "solely against the Plan" or "only in [Bragg's] position as Plan Administrator"; they seek to prevent the imposition of the award on Bragg's personal assets. ECF No. 161 at 5. They note that Count IV, the sole claim on which the plaintiffs prevailed, named Bragg as a defendant only "as a nominal party[, not as a guarantor,] due to his position as a plan administrator." ECF No. 161 at 5. They also emphasize that Bragg had not acted in bad faith. *See* ECF No. 145 at 12–14. Thus, they assert that the Fees Order should be amended to reflect that the plaintiffs "obtained some degree of success on the merits, but only against [the Plan]."[7]

The plaintiffs note that because the FRA has already paid the attorneys' fees, "Bragg's individual liability . . . is completely moot." ECF No. 162 at 1. The defendants contend that despite payment, the Fees Order "tarnishes [Bragg's] good

---

[7] ECF No. 161 at 5 (*citing Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2152 (2010)).

6

reputation and impugns his professional work [as a tax preparer]." ECF No. 163 at 2–3.

Although Bragg erroneously applied the scrivener's error doctrine and abused his discretion when denying benefits, he was not held individually liable for these errors. *See* ECF No. 71 at 7–8.[8] He did not act in bad faith; he promptly investigated and reported the benefits calculation error. ECF No. 145 at 12–14. In light of the Court's "considerable discretion in granting or denying" reconsideration,[9] these considerations justify Rule 59(e) relief.[10]

The plaintiffs' argument that reconsideration is "moot" because they have received the attorneys' fees, *see* ECF No. 162, did not address the prejudicial effect of the Fees Order on Bragg.[11] Although the fees have been paid, amendment would

---

[8] Money judgments against an employee benefit plan are enforceable under ERISA "only against the plan as an entity . . . unless liability against [a] person is established in his individual capacity." 29 U.S.C. § 1132(d)(2).

[9] 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2810.1 (3d ed. 2010).

[10] *Cf. Changzhou Laosan Group v. U.S. Customs & Border Prot. Bureau*, 374 F. Supp. 2d 129, 131–32 (D.D.C. 2005) (reconsideration warranted to "prevent manifest injustice" to inculpable parties).

[11] *In re T 2 Green, LLC*, 364 B.R. 592, 606 (Bankr. D.S.C. 2007) (manifest injustice requires "prejudicial" error).

7

"serve [the] useful purpose"[12] of preventing harm to Bragg's professional reputation. Accordingly, the Court will amend ¶ 3 of the Fees Order to read:

> 3. The defendants are liable for the plaintiffs' attorneys' fees in the amount of $416,432.70 plus post-judgment interest at the legal rate; and
>     a. Defendant Bragg is liable only as the Plan Administrator.

III. Conclusion

For the reasons stated above, the defendants' motion to amend the Fees Order will be granted.

November 18, 2010          _____/s/_____
Date                       William D. Quarles, Jr.
                           United States District Judge

---

[12] Wright & Miller, *supra*, § 2810.1.